JiDUFRESNE, Judge.

INTRODUCTION

This appeal presents a procedural issue regarding whether a previous declaratory judgment applies to subsequent suits presenting the same question of law. We have already determined that the nuclear fuel assemblies and the transactions surrounding their financing are not subject to any sales or use taxation. At issue here are two subsequent shipments of nuclear fuel not included in the prior opinion. The trial court held these shipments of fuel were not subject to taxation. The School Board appeals.

FACTS

Our prior opinion Louisiana Power and Light v. St. Charles Parish School Board, 597 So.2d 578 (La.App. 5th Cir.1992), writ denied, 604 So.2d 1316 12(1992), addressed whether LP & L’s nuclear fuel assemblies were exempt from local government and school board sales/use and lease taxes owed to the defendants. That case involved Batches A through F nuclear fuel which entered the Parish in 1983-4, 1986, 1988, and 1989, and the Bayou Fuel and River Fuel transactions used to finance the high costs of the fuel. LP & L’s initial suit was filed in 1984 and was supplemented and amended as each new batch of nuclear fuel was shipped into St. Charles Parish. In the previous LP & L opinion, LP & L obtained a declaratory judgment that parochial taxes would not be owed on future shipments of nuclear fuel because such fuel was exempt from taxation.
After the April 26, 1991 trial court judgment, but before it became final, two additional shipments of nuclear fuel, Batches G and H, were shipped into St. Charles Parish. Batch G arrived in January 1991 and on February 28, 1991 LP & L tendered payment under protest to the School Board in the amount of $170,542.00 for use tax allegedly due and notified the Tax Collector that suit was to be filed to recover payment within thirty days.
Batch H arrived in St. Charles Parish in July and August of 1992. Because the fuel assemblies were shipped over a two month period and sales/use taxes are due on the 20th of the month following arrival of the shipment into the parish, there were two separate payments made under protest. The first was a payment of $41,667.24 made on August 20, 1992. The second payment was for $102,300.48 made on September 18, 1992. In all cases the School Board filed a reeon-ventional demand stating these amounts were incorrectly determined and more taxes were owed.
However the present matter involves nuclear fuel Batches G and H. These batches were shipped into St. Charles Parish before the previous declaratory judgment of April 26, 1991, allowing a tax exemption became final. LP & L paid taxes on these shipments under protest since the matter had not been finally Igresolved. After Louisiana Power and Light, supra became a final judgment, LP & L sent a demand letter to the School Board on October 14, 1992, requesting a refund of all payments under protest held by the School Board, with interest as provided by R.S. 33:2718(A)(2), including those pertaining to Batch G and H. The School Board ignored the request for refund on Batches G and H.
LP & L filed a Motion for Summary Judgment on July 20, 1993. The three suits to recover LP & L’s payments under protest on Batches G and H were consolidated in conjunction with LP & L’s motion. On February 10, 1994, the trial court denied LP & L’s motion on the basis that res judicata did not apply to this case. LP & L filed an application for supervisory writs and on May 24, *38 1994, we granted the writ in writ n. 94-C-294.
In granting the writ, this Court concluded the trial court had denied LP & L’s motion on the basis of res judicata, which was one of two issues presented. We pointed out LP & L had requested supplementary relief as permitted by the Code of Civil Procedure article 1878, but the trial court had failed to address that issue. The matter was remanded to the trial court to determine whether LP & L was entitled to such relief under the declaratory judgment dated April 26, 1991. On September 30, 1994, the trial court granted LP & L’s motion.

ISSUE PRESENTED FOR REVIEW

Was LP & L entitled to supplemental relief under Code of Civ.Pro. art. 1878 in regards to the April 26, 1991 declaratory judgment which determined all future shipments of nuclear fuel were exempt from taxation?

DISCUSSION

|4The April 26, 1991 declaratory judgment by the trial court which was affirmed in our prior opinion found at 597 So.2d 578 (La.App. 5th Cir.1992), writ denied, 604 So.2d 1316 (La.1992), provided in pertinent part:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Taxpayer be reimbursed for the sales/use taxes paid under protest and for the interest earned on the money; THAT the Taxpayers are not liable for any additional use or lease taxes on nuclear fuel Batches A through F; THAT future shipments of nuclear fuel are not subject to use or lease taxes by St. Charles Parish unless the application of such taxes to nuclear fuel is modified by the Legislature; ...
It is clear the April 26, 1991 declaratory judgment directly pertains to Batches G and H in that these Batches arrived subsequent to the nuclear fuel shipments which were the subject of the prior appeal. We note since the date of the April 1991 declaratory judgment, the Legislature has not altered the relevant language of the pertinent use tax exemptions or determined that lease taxes are due on the type of financing transaction used by LP & L to finance the costs of Batches G and H.
Despite previous holdings by this Court, the School Board refused to refund payments made on Batches G and H and maintains reconventional demands for additional taxes. The School Board argues the suits regarding Batches G and H were not properly consolidated and the issue is not properly before this court. We disagree.
The nature of a declaratory judgment can be found in C.C.P. art. 1871:
Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.
Based on our affirmation of the April 26, 1991 declaratory judgment, LP & L moved for summary judgment in cases involving the payments under protest of|sBatches G and H presenting the alternate theories of res judi-cata or the supplemental relief provided in C.C.P. art. 1878. C.C.P. art. 1878 provides:
Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application is considered sufficient, the court, on reasonable notice, shall require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.
Because the merits of this issue have already been decided, we find LP & L appropriately requested supplemental relief under 1878. The trial court, although it gave no written reasons for granting the motion for summary judgment on September 30, 1994, was correct in its action. Article 1878 makes no requirement of consolidating a subsequent suit in order to obtain supplemental relief. Any other disposition of this matter would be a waste of time. The merits have been de- *39 eided and LP & L properly requested supplemental relief to implement the scope of the April 26, 1991 declaratory judgment to extend it to the subsequent Batches of nuclear fuel which were still the subject of pending litigation.

CONCLUSION

We find the trial court correctly granted LP & L’s Motion for Summary Judgment. It is clear that the Batches of nuclear fuel in question are exempt from the taxation the School Board seeks to impose. LP & L properly attempted to extend a previous declaratory judgment to apply to these shipments. Affirmed. Costs assigned to appellants.

AFFIRMED.